# Supreme Court of the State of New York
# Appellate Division, First Judicial Department

Anil C. Singh, J.P.,
Lizbeth González
Tanya R. Kennedy
Saliann Scarpulla
Martin Shulman, JJ.

Motion No. 2021-02278
Case No. 2021-02433

In the Matter of
JUSTIN A. GREENBLUM
(admitted as Justin Adam Greenblum),
an attorney and counselor-at law:

ATTORNEY GRIEVANCE COMMITTEE FOR THE
FIRST JUDICIAL DEPARTMENT,
Petitioner,

JUSTIN A. GREENBLUM,
(OCA ATTY. REGISTRATION NO. 4301420),
Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on April 27, 2005.

*Appearances:*

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Orlando Reyes, of counsel), for petitioner.

Respondent pro se.

Motion No. 2021-02278 - August 9, 2021

### In the Matter of Justin A. Greenblum, an Attorney

Per Curiam

Respondent Justin A. Greenblum was admitted to the practice of law in the State of New York by the Second Judicial Department on April 27, 2005, under the name Justin Adam Greenblum. He was engaged in the practice of law within the First Judicial Department during certain of the events at issue.

In December 2019, the Attorney Grievance Committee (the Committee) received a complaint from a client reporting that respondent was retained to provide legal services for the client's company.  Respondent collected $45,000 as an advance legal fee, which at respondent's request was made to his personal account rather than to his law firm. Respondent allegedly did not provide a written retainer, legal services, or return any portion of the legal fee, despite repeated requests.  Respondent allegedly made repeated promises to refund the fee in full but failed to do so.

By letter dated January 7, 2020, the Committee mailed and emailed a copy of the client's complaint to respondent asking him to answer the allegations within 20 days. On January 27, 2020, respondent replied by email, asking for an extension of the time to respond.  Although granted the extension, respondent provided no response to the client's complaint. On March 2, 2020, the Committee sent another letter to the same address via first class mail and certified mail return receipt requested asking for a response within 10 days and informing respondent of Rules for Attorney Disciplinary

2

Matters (22 NYCRR) § 1240.9(a) and case law providing for the suspension of attorneys for noncooperation with the Committee. Respondent did not reply.

In January 2020, the Committee received a complaint from the principal of the law firm at which respondent was employed at the time of the December 2019 complaint, reporting that when respondent joined the firm in November 2018, he agreed that all legal services he performed would be on behalf of the firm. However, on December 12, 2019, the firm was contacted by the client's new counsel about respondent's ongoing failure to return the unearned legal fee. Respondent was promptly terminated from the firm because his explanations concerning the allegations were not credible. The firm's complaint outlined two other matters in which former clients paid respondent directly rather than the firm.

On or about February 3, 2020, the Committee directed respondent to submit an answer to the firm's complaint within 20 days and by letter dated March 2, 2020, directed respondent to submit an answer within 10 days. Respondent did not comply with either directive.

On April 14 and May 1, 2020 respectively, the Committee emailed respondent directing him to answer both complaints and to contact the Committee as soon as possible with a number and time to reach him. Although respondent did not comply, on May 4, 2020, he sent an email stating that he read the previous email and that he would like to speak about the pending matters. The Committee repeatedly advised respondent by email that he was required to supply answers to the complaints as soon as possible to avoid default and that his default could result in immediate suspension. Respondent did not provide answers or contact the Committee. By email dated August 31, 2020, respondent acknowledged the Committee's attempts to contact him.

On or about September 29, 2020, the Committee obtained a subpoena duces tecum directing respondent to testify at a deposition and produce documents related to the client's complaint, but the process server was unable to serve respondent at the two addresses he listed with the Office of Court Administration (OCA).  On October 27, 2020, the Committee emailed a copy of the subpoena to respondent. The Committee subsequently advised respondent that his deposition would occur virtually and directed him to complete and return a pedigree sheet prior to the examination. The Committee also provided pre-marked exhibits for the deposition. Respondent did not appear at the deposition, respond in any way to the Committee's emails, or to the Committee's November 17, 2020 email enclosing the record of his nonappearance at the deposition.

On or about November 20, 2020, a third complaint was filed against respondent alleging that respondent was retained to handle two legal matters and was paid a total of $3,000 as an advance legal fee.  Respondent allegedly did little or no work on the matters.  In October 2020, respondent advised the client by text message that he would complete the work and return the fee, but he failed to do so.

By letter, sent via first class, certified and email dated February 11, 2021, the Committee provided a copy of the third complaint and directed respondent to submit an answer within 20 days.  By letter dated March 4, 2021, respondent was directed to submit answers within 10 days.  Respondent did not comply with either directive.

On or about December 27, 2020, a fourth complaint was filed against respondent, alleging that on February 5, 2020, respondent was paid an advance legal fee of $25,000 to represent the complainant's granddaughter in a dispute with a university. Respondent allegedly did no work on the matter and ignored inquiries and demands for a refund and return of confidential documents.

4

By letter and email dated February 9, 2021, the Committee sent a copy of the fourth complaint to respondent and directed him to respond within 20 days.  By letter dated March 4, 2021, sent by first class and certified mail and by email, the Committee again directed respondent to answer the complaint.  The Committee received delivery confirmations of the emails.  Respondent did not comply with either directive.   The Committee also sent correspondence to one of the home addresses listed with OCA, as well as other addresses, some of which were returned.

On or about April 12, 2021, the Committee obtained a subpoena directing respondent to testify and produce documents related to the third and fourth complaints, which it emailed to respondent and received confirmation of delivery.  A process server also served respondent by "nail and mail" at respondent's confirmed new address.  On May 4, 2021, as it had previously, the Committee advised respondent that failure to comply with the subpoena was a basis for suspension.  Respondent was directed to complete the pedigree sheet and was provided with pre-marked exhibits.  Respondent did not return the questionnaire or respond to the communications.  Respondent failed to appear for his deposition on May 12th.  By email and letter dated May 19, 2021, the Committee advised respondent of its efforts to notify him of his obligation to testify and produce documents and his failure to do so. Respondent did not reply.  The Committee sent respondent a copy of the transcript that noted his failure to appear and received confirmation that the email had been delivered. Respondent did not reply.

Now, the Committee seeks an order pursuant to 22 NYCRR 1240.9(a)(1) and (a)(3), immediately suspending respondent from the practice of law based upon his failure to comply with court ordered subpoenas and his noncooperation with the

5

Committee's investigation, which is conduct that immediately threatens the public interest.

According to the affidavit of service, on July 1, 2021, a process server delivered a copy of the motion to respondent personally. Notwithstanding service upon him, respondent has not appeared or opposed this motion.

Respondent's failure to answer complaints and to appear at a deposition as directed by a judicial subpoena constitutes willful noncompliance with a Committee investigation warranting immediate suspension (*Matter of Doris*, 186 AD3d 23 [1st Dept 2020]; *Matter of Goldsmith*, 159 AD3d 188 [1st Dept 2018]; *Matter of Morgado*, 159 AD3d 50 [1st Dept 2018]). Moreover, such noncompliance constitutes professional misconduct that immediately threatens the public interest (*Matter of Borzouye*, 161 AD3d 1 [1st Dept 2018]; *Matter of Romulus*, 155 AD3d 14 [1st Dept 2017]). As detailed above, the Committee has met its burden under this standard.

Additionally, the evidence shows that respondent failed to advise OCA within 30 days of a change to his addresses, thereby violating Judiciary Law § 468-a (2) and "frustrating the Committee's attempt to communicate with him regarding its investigation" (*Matter of Pomerantz*, 158 AD3d 26, 29 [1st Dept 2018]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law in the State of New York pursuant 22 NYCRR 1240.9(a)(1) and (a)(3), and Judiciary Law § 468-a (2), effective immediately and until further order of this Court.

All concur.

It is Ordered that the Attorney Grievance Committee's motion is granted and respondent Justin A. Greenblum (admitted as Justin Adam Greenblum) is suspended

6

from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(1) and (a)(3), and Judiciary Law § 468-a (2), effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court, and

It is further ordered that respondent Justin A. Greenblum (admitted as Justin Adam Greenblum) is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; that respondent is forbidden to give another an opinion as to the law or its application or advice in relation thereto, all effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court. Respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and

It is further ordered that, within 20 days of the date of service of this decision, respondent Justin A. Greenblum (admitted as Justin Adam Greenblum) may submit a request, in writing, to this Court for a post suspension hearing (see 22 NYCRR 1240.9 [c]).

Entered:     September 16, 2021

Susanna Molina Rojas
Clerk of the Court